IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID LEE HINES, | ) | CASE NO. 1:06CV01678 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE BOYKO |
| v. | ) | |
| | ) | MAGISTRATE JUDGE HEMANN |
| DAVID BOBBY, Warden, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Respondent. | ) | |

This matter is before the magistrate judge pursuant to Local Rule 72.2(b)(2). Before the court is David Lee Hines' ("Hines") petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 on July 12, 2006. Hines is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to a journal entry of sentence in the case of *State v. Hines,* Case no. CR430692 (Cuyahoga County 2004). For the reasons given below, the magistrate judge recommends that the petition be denied.

I

On December 20, 2002, the September 2002 term of the Cuyahoga County grand jury indicted Hines on two counts of aggravated murder with felony murder and firearm specifications, one count of aggravated robbery with a firearm specification, and one count of having a weapon while under disability. The state appellate court reviewing the conviction challenged in this petition described the following facts as relevant to the case:

> The record reflects that at approximately 9:00 p.m. on November 29, 2003, the victim, Mahir Sammour, and his brother-in-law locked up Sammour's Big Star

Market in Cleveland and drove separately to their homes. Unknown to the victim, as he locked the doors of his store, two individuals in an SUV waited and watched him. The men, David Hines and Lewis Brown, assumed that the victim would be carrying the day's cash receipts on his person and intended to rob him.

Lloyd Douglas, a friend of Brown's, had previously worked for Sammour and suggested the robbery to Brown. Douglas planned to participate in the robbery with Hines and Brown, and rode with them to the market. En route, however, he asked whether they needed masks to cover their faces during the robbery. Brown responded, "We ain't need none because we ain't leaving no witnesses." When the SUV stopped, Douglas got out of the vehicle "because the plan was to rob him, not to kill him."

Brown and Hines followed the victim to his home in North Olmsted. When the victim left his car, Brown exited the SUV and shot him six times. On the ride back to Cleveland, Brown told Hines that he shot the victim because "he looked at me like he knew me." Brown then gave Hines $55 of the $100 he had taken from the victim.

*State v. Hines*, 2005 Ohio App. LEXIS 4007, 1-3 (Sep. 6, 2005).

On February 4, 2004, a jury found Hines guilty of murder, aggravated murder and aggravated robbery, each with a firearm specification. The court sentenced Hines on February 3, 2004 to three years' imprisonment on the merged firearm specifications, fifteen years to life on count one, twenty years to life on count two, and three years on count three, all base sentences to run concurrently with each other but consecutively to the three year term for the merged specification.

Hines timely appealed his conviction to the state appellate court. In his appeal, Hines raised two assignments of error:

### ASSIGNMENT OF ERROR ONE:

THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT-APPELLANT TO CONSECUTIVE PRISON TERMS ON THE AGGRAVATED MURDER AND AGGRAVATED ROBBERY CHARGES WITHOUT SETTING FORTH THE MANDATORY FINDINGS REQUIRED BY R.C. 2929.14(e) AND R.C. 2929.19(b)(2).

## ASSIGNMENT OF ERROR TWO:

THE TRIAL COURT ERRED AND PREJUDICED APPELLANT WHEN IT FAILED TO ALLOW APPELLANT TO CROSS EXAMINE THE STATEMENTS OF LEWIS BROWN, WHO [sic] STATEMENTS WERE OUT OF COURT STATEMENTS, THUS, DENYING APPELLANT HIS SIXTH AMENDMENT RIGHT TO CONFRONTATION CLAUSE.

Appointed counsel filed the first assignment of error on September 10, 2004. After Hines learned that counsel raised only one assignment of error, he filed *pro se* on November 16, 2004 a motion to supplement his brief by adding assignment of error two. The state appellate court granted the motion on December 21, 2004.

On November 16, 2004, Hines moved in state appellate court for production of the trial record at state's expense. The state appellate court denied this motion on December 21, 2004.

Hines filed *pro se* in the Ohio Supreme Court on January 31, 2005 a petition for a writ of mandamus to compel the state appellate court to order production to Hines of trial transcripts at the state's expense. The State filed a motion to dismiss on February 23, 2005. In its motion to dismiss, the State asserted that Hines failed to comply with Ohio Revised Code § 2969.25, a procedural rule that required Hines to file along with his petition for a writ of mandamus an affidavit containing a description of each civil action or appeal of a civil action that the inmate had filed in the previous five years in any state or federal court. The Ohio Supreme Court granted the state's motion to dismiss on April 13, 2005.

On September 6, 2005, the state appellate court overruled Hines' assignments of error and affirmed the judgment of the trial court. The appellate court *sua sponte* ordered a limited remand to the trial court to correct Hines' sentence by merging the two counts of murder into a single count of aggravated murder with a sentence of twenty years to life.

3

The trial court corrected the sentence on December 21, 2005.

After the state appellate court overruled Hines' assignments of error, Hines filed *pro se* in the state appellate court an untimely application to reopen his direct appeal pursuant to Ohio App.R. 26(B). In his application, Hines raised seven assignments of error:

### Assignment of Error One:

The court [*sic*] of Appeals and the Ohio Supreme Court denied Petitioner Equal Protection Clause right when it denied Petitioner a copy of his trial transcripts, so that Petitioner could raise on appeal colorful [*sic*] issues that appellate counsel obviously missed on appeal, especially a new United States Supreme Court ruling on Confrontation Clause.

### Assignment of Error Two:

Ineffective assistance of appellate counsel for failure to raise issue that Petitioner was never Mirandized, thus, in violation of Petitioner's 5th, 6th, & 14th Amendment rights.

### Assignment of Error Three:

Ineffective assistance of appellate counsel for failure to raise trial court abuse [*sic*] its discretion in denying Petitioner a SUPPRESSION HEARING on his unwarned and unsworn statements, thus, in violation of the 14th Amendment, and Evidence Rule 104(e).

### Assignment of Error Four:

Ineffective assistance of appellate counsel for failure to raise issue that detective testified at trial that Petitioner did invoke his right to counsel during custodial interrogation, but request was denied, thus, violating Petitioner's 5th, 6th, and 14th Amendment rights, which prejudice [*sic*] him.

### Assignment of Error Five:

Ineffective assistance of appellate counsel for failure to raise issue that the trial court did allow the State to use Petitioner's coerced statement at trial, thereby prejudicing Petitioner's trial, thus, in violation of the 14th Amendment and Evidence Rule 104(e).

### Assignment of Error Six:

Ineffective assistance of appellate counsel for failure to raise issue that Petitioner's coerced statements were the Fruit of a Poisonous Tree, thus, in violation of the 14th Amendment, and the 5th Amendment.

### Assignment of Error Seven:

Ineffective assistance of appellate counsel for failure to raise issue that Petitioner's 6th, [sic] Amendment right to Confrontation Clause was violated, thus, prejudicing Petitioner.

(Emphasis in original.) The state appellate court denied the application to reopen on March 6, 2006. The court found that the application was untimely and that Hines failed to show good cause for the untimely filing.

Hines did not appeal any state appellate court judgment to the Ohio Supreme Court.

On July 12, 2006 Hines filed *pro se* a petition for a federal writ of habeas corpus.

Hines' petition asserts seven grounds for relief:

**Ground one:** The Court of Appeals and the Ohio Supreme Court denied Petitioner Equal Protection Clause right and Due Process right under the 14th Amendment when it denied Petitioner a copy of his trial transcripts, so that Petitioner could raise on appeal colorful issues that appellate counsel obviously missed on appeal, especially a new United States supreme [sic] Court ruling on Confrontation Clasue [sic].

**Ground two:** Ineffective assistance of appellate counsel for failure to raise issue that Petitioner was never Mirandized, thus, in violation of Petitioner's 5th, 6th, & 14th Amendment rights.

**Ground three:** Ineffective assistance of appellate counsel for failure to raise trial court abused its discretion in denying Petitioner a SUPPRESSION HEARING on his unwarned and unsworn statements, thus, in violation of the 14th Amendment, and Evidence Rule 104(e).

**Ground four:** Ineffective assistance of appellate counsel for failure to raise issue that detective testified at trial that Petitioner did invoke his right to counsel during custodial interrogation, but request was denied, thus, violating Petitioner's 5th, 6th, and 14th Amendment rights, which prejudiced him.

**Ground five:** Ineffective assistance of appellate counsel for failure to raise issue

5

that the trial court did allow the State to use Petitioner's coerced statement at trial, thereby prejudicing Petitioner's trial, thus, in violation of the 14th Amendment and Evidence Rule 104(E).

**Ground six:** Ineffective assistance of appellate counsel for failure to raise issue that Petitioner's coerced statements were thr [sic] Fruit of a Poisonous Tree, thus, in violation of the 14th Amendment, and the 5th Amendment.

**Ground seven:** Ineffective assistance of appellate counsel for for [sic] failure to raise issue that Petitioner's 6th, [sic] Amendment right to Confrontation Clause was violated, thus, prejudicing Petitioner.

Respondent filed an Answer/Return on January 12, 2007 (Docket #9). Hines filed a Traverse on March 22, 2007 (Docket #12). Thus, the petition is ready for decision.

II

A.  *Jurisdiction*

Writs of habeas corpus may be granted by a district court within its respective jurisdiction:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(a) and (d). Title 28 U.S.C. § 2254(a) provides in relevant part, "[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." This court has jurisdiction over Hines' petition.

B.  *Evidentiary hearing*

The habeas corpus statute authorizes an evidentiary hearing in limited circumstances when the factual basis of a claim has not been adequately developed in state court proceedings. 28 U.S.C. § 2254(e)(2). There is no need for an evidentiary hearing in the instant case. All Hines' claims involve legal issues which can be independently resolved without additional factual inquiry.[1]

C. *Exhaustion of state remedies*

A state prisoner must exhaust all available state remedies or have no remaining state remedies available prior to seeking review of a conviction via federal habeas corpus. 28 U.S.C. § 2254(b) and (c); *Castillo v. Peoples*, 489 U.S. 346, 349 (1989); *Riggins v. Macklin*, 936 F.2d 790, 793 (6th Cir. 1991). If any state procedures for relief remain available, the petitioner has not exhausted state remedies. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

A petitioner must fairly present any claims to the state courts in a constitutional context properly to exhaust state remedies. *Anderson v. Harless*, 489 U.S. 4 (1982); *Picard v. Connor*, 404 U.S. 270 (1971); *Shoultes v. Laidlaw*, 886 F.2d 114, 117 (6th Cir. 1989). Federal courts lack jurisdiction to consider any claim that was not fairly presented to the state courts. *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003). "[O]nce the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." *Picard*, 404 U.S. at 275; *see also Harris v. Reeves*, 794 F.2d 1168, 1174 (6th Cir. 1986). The exhaustion requirement is properly satisfied when the highest court in the

---

[1] Hines relies on caselaw developed prior to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §2254, in asserting that an evidentiary hearing is needed to develop the record. Passage of the AEDPA altered the standard for granting evidentiary hearings. *Hutchison v. Bell*, 303 F.3d 720 (6th Cir. 2002).

7

state in which petitioner was convicted has been given a full and fair opportunity to rule on all of the petitioner's claims. *Manning v. Alexander*, 912 F.2d 878, 881-83 (6th Cir. 1990).

Fair presentment of a claim in a federal constitutional context requires a petitioner to apprise the state courts that a claim is a federal claim, "not merely as an issue arising under state law." *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A petitioner need not cite "'book and verse on the federal constitution,'" *Picard*, 404 U.S. at 278, to apprise state courts that his claim is based on federal law:

> In determining whether a petitioner has fairly presented a federal constitutional claim to the state courts, a habeas court may consider whether (1) the petitioner phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; (2) the petitioner relied upon federal cases employing the constitutional analysis in question; (3) the petitioner relied upon state cases employing the federal constitutional analysis in question; or (4) the petitioner alleged facts well within the mainstream of the pertinent constitutional law.

*Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004); *see also Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987) (quoting *Daye v. Attorney Gen.*, 696 F.2d 186, 193-94 (2d Cir. 1982)).

Hines has no remaining state remedies for his claims. For this reason, Hines has exhausted state remedies.

D.   *Procedural default*

Procedural default occurs when a petitioner fails to present fairly his constitutional claims to the highest state court in a federal constitutional context. *Anderson*, 489 U.S. 4; *Picard*, 404 U.S. 270. Reasons of federalism and comity generally bar federal habeas corpus review of "contentions of federal law . . . not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure."

8

*Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). When a petitioner

> has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Respondent contends that Hines has defaulted his grounds for habeas relief. Hines petitioned the Ohio Supreme Court for a writ of mandamus to compel the production of trial transcripts. Hines raised only his first ground for relief in that petition. Hines did not fairly present the substance of ground one to the Ohio Supreme Court in this petition, however. Hines failed to comply with Ohio S. Ct. Pract. R. VI, sect. 2(B)(5), which required him to append to his petition an affidavit that complied with the substantive provisions of the procedural rule. The Ohio Supreme Court granted the State's motion to dismiss for failure to comply with this rule. Hines has not presented his first ground for relief to the Ohio Supreme Court in any other manner. As Hines did not fairly present this claim to the Ohio Supreme Court, Hines' first ground for habeas relief is procedurally defaulted.

Respondent also contends that Hines has procedurally defaulted ground seven. Although the State asserts that Hines' affidavit supporting his petition for a writ of mandamus can arguably be read to fairly present Hines' seventh ground for relief, the grounds for relief must be stated in a petitioner's brief. *Baldwin v. Reese*, 541 U.S 27, 32 (2004). Hines' brief supporting his petition did not contain the claim found in his seventh ground for relief. Additionally, even if Hines' seventh ground for relief had been presented in his brief, it would be procedurally defaulted for the reasons the first ground for relief was defaulted: Hines' petition for a writ of mandamus failed to comply with Ohio S. Ct. Pract.

9

R. VI, sect. 2(B)(5), and the Ohio Supreme Court dismissed it for that reason. Hines' seventh ground for relief is, therefore, procedurally defaulted.

Finally, respondent argues that Hines has procedurally defaulted his second through sixth grounds for relief. Hines did not raise his claims in grounds two through six to the Ohio Supreme Court in any form. Because Hines has failed to present fairly claims two through six to the highest court in the state, and because rule Ohio S. Ct. R. II §2(A)(4)(b) of the Ohio Supreme Court now prohibits hearing his delayed appeal on those issues, grounds for relief two through six are procedurally defaulted. See Lopez v. Wilson, 426 F.3d 339, 341 (6th Cir. 2005) (overruling White v. Schotten, 201 F.3d 743 (6th Cir. 2000)).

Hines argues in his Traverse that his defaults should be excused for good cause and actual prejudice. Davis v. United States, 411 U.S. 233 (1973); Murray v. Carrier, 477 U.S. 478, 485 (1986). He cites as cause for his default the state court of appeals' decision denying him access to trial transcripts. The Supreme Court held in Edwards v. Carpenter, 529 U.S. 446, 453 (2000), however, that arguments for cause sufficient to excuse procedurally defaulted grounds for federal habeas relief can themselves be procedurally defaulted if they are not fairly presented to the highest state court. Hines is unable to assert his first ground for relief as cause to excuse his other defaults because that ground for relief has itself been defaulted. Thus, Hines cannot show cause and prejudice for his procedural defaults

Hines has defaulted all his grounds for relief and fails to show cause and prejudice for his defaults. For these reasons the magistrate judge recommends that the court dismiss all of Hines' grounds for relief as procedurally defaulted.

10

IV

For the reasons given above the magistrate judge recommends that the court deny Hines' petition for a writ of habeas corpus.

Date: May 30, 2007         /s/Patricia A. Hemann
                           Patricia A. Hemann
                           United States Magistrate Judge

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).