**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DAVID LEE HINES,** | ) | **CASE NO.1:06CV1678** |
| | ) | |
| Petitioner, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **DAVID BOBBY, Warden** | ) | **OPINION AND ORDER** |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on the Report and Recommendation of the Magistrate Judge that Petitioner David Lee Hines' Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 and filed July 12, 2006, be denied. For the following reasons, the Court ACCEPTS and ADOPTS the Magistrate Judge's Report and Recommendation and dismisses Petitioner's Petition.

This opinion gives the following brief synopsis of the facts which are more fully laid out in the Magistrate Judge's Report and Recommendation. On December 20, 2003, a Cuyahoga County grand jury indicted Petitioner on two counts of Aggravated Murder with Felony Murder and Firearm Specifications, one count of Aggravated Robbery with a Firearm Specification and one count of Having a Weapon While Under a Disability for the robbery and murder of Mahir Sammour. On February 4, 2004, a jury found Petitioner guilty of murder, aggravated murder and aggravated robbery, each with firearm specifications. Petitioner was sentenced to three

years on the firearm specifications, fifteen years to life on count one, twenty years to life on count two and three years on count three, all counts to run concurrently with each other but consecutively to the three year firearm specification term.

Petitioner timely appealed and the Ohio appellate court affirmed his conviction, though it remanded *sua sponte* and ordered the trial court to correct Petitioner's sentence by merging the two counts of murder into a single count of aggravated murder. Petitioner also moved the appellate court for production of the trial record which was denied. Petitioner filed for a Writ of Mandamus with the Ohio Supreme Court, seeking to compel the appellate court to order production of the trial transcript. The Ohio Supreme Court granted the State's motion to dismiss Petitioner's Motion for a Writ of Mandamus because Petitioner failed to comply with the requirements of Ohio Revised Code §2969.25 when requesting a writ. Petitioner filed an untimely application to reopen his direct appeal which was denied. Petitioner never appealed any state appellate court judgment to the Ohio Supreme Court. On July 12, 2006, Petitioner filed this habeas petition alleging seven assignments of error. On May 30, 2007, the Magistrate Judge issued her Report and Recommendation, recommending the dismissal of all of Petitioner's claims because Petitioner procedurally defaulted by not raising his claims to the Ohio Supreme Court.

In his Objection to the Magistrate Judge's Report and Recommendation, Petitioner merely states, "[t]he United States Constitution, protects the right of the accuse [sic] by assures [sic] of his right to a collateral attack of his conviction. The U.S. Supreme Court have [sic] continue [sic] to uphold the an [sic] accuser [sic] have the right to the trial transcripts to assist in his defense with the assures [sic] of right to fair and just trial."

**Law and Analysis**

Although Petitioner has filed an Objection to the Magistrate Judge's Report and Recommendation, he does not object to the Magistrate Judge's findings that he has procedurally defaulted on his claims. Nor does he argue good cause or actual prejudice exists to excuse his procedural default. If no timely objection is filed, the district court does not need to review the Magistrate Judge's recommendation *de novo* but need only review it for clear error. *Thomas v. Arn,* 474 U.S. 140, 150 (1985).

The Court finds the Magistrate Judge's unopposed Report and Recommendation properly applied federal habeas law and properly determined Petitioner has procedurally defaulted on his habeas claims and has procedurally defaulted on his alleged excuse for his procedural default. Therefore, the Court ACCEPTS and ADOPTS the Magistrate Judge's Report and Recommendation and dismisses Petitioner's petition.

The Court further finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).

IT IS SO ORDERED.


January 4, 2008        s/Christopher A. Boyko
Date        CHRISTOPHER A. BOYKO
       United States District Judge